UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Louisiana Pain Specialists, LLC, Individually and on Behalf of All Others Similarly Situated | § § § § | CIVIL ACTION NO. _____ |
| | | JUDGE _____ |
| v. | § § | MAGISTRATE JUDGE _____ |
| Ametros Financial Corporation | | |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441, 1446, and 1332, Defendant, Ametros Financial Corporation ("**Ametros**") files its Notice of Removal of this civil action to the United States District Court for the Middle District of Louisiana, and would respectfully show as follows:

### I.

### PENDING STATE COURT SUIT

1. On or about, March 31, 2025, Plaintiff Louisiana Pain Specialists, LLC, a Louisiana limited liability company ("Plaintiff") instituted the underlying state-court action, as a purported class action, styled as *Louisiana Pain Specialists, L.L.C., individually and on behalf of all others similarly situated v. Ametros Financial Corporation* by filing the Class Action Petition for Damages (hereafter "Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Cause No. C-761106 "33" ("State Court Action"). The Petition is Plaintiff's live pleading in the State-Court Action.

2. The name and address of the court from which this civil action is being removed is:

> 19th Judicial District Court for Parish of East Baton Rouge
> State of Louisiana
> 300 North Blvd
> Baton Rouge, Louisiana 70801

1

3.      The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – Petition

Exhibit "B" – List of all counsel of record, including address, telephone and fax number, and the parties they represent, respectively.

4.      Ametros was served on or about April 23, 2025 via its registered agent.

## II.

## TIMING OF REMOVAL

5.      Plaintiff filed its Petition on March 31, 2025. Ametros' first notice of the action was upon service on April 23, 2025. Thus, this Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b)(1), because it was filed within 30 days of Ametros' receipt of the Petition's filing.

## III.

## REMOVAL JURISDICTION

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because the amount in controversy for the purported class action matter exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a purported class action in which a member of the purported class, including Plaintiff, is a citizen of a state different from Ametros. *See* 28 U.S.C. § 1332(d)(2)(A).

7.      Plaintiff is a Louisiana limited liability company, domiciled in Parish of Jefferson, Louisiana, with its only member on record, Neil Jolly, residing in Metairie, Louisiana. *See* Exhibit C. Moreover, Plaintiff alleges that it represents a class of "individuals and entities in the State of Louisiana." *See* Exhibit A at IV. Accordingly, Plaintiff, and the class it purports to represent, are now, and were at the time the State Court Action was commenced, citizens of Louisiana and of no other states for the purposes of diversity jurisdiction.

8. Ametros is a Delaware entity headquartered in Wilmington, Massachusetts. Accordingly, Ametros is now, and was at the time the State Court Action was commenced, a citizen of states other than Louisiana for the purposes of diversity jurisdiction.

9. Complete diversity of citizenship existed at the time the State Court Action was commenced by Plaintiff and exists at the time of this removal. Thus, the State Court Action may be removed to this Court under 28 U.S.C. § 1332(d)(2)(A).

10. Plaintiff alleges in the Petition that Ametros failed to pay or has improperly paid Plaintiff and other putative class members in connection with provided healthcare services to patients whose medical expenses were covered by a Medicare Set-Aside as part of a workers' compensation settlement within the last three years.

11. Plaintiff's claims are unfounded. Ametros, as a professional administrator of Medicare Set-Aside accounts, properly issued payment for healthcare claims that were eligible for payment, properly submitted, due, and owing, at or around the Medicare fee schedule rate. Simply put, Plaintiff is not entitled to additional payment.

12. Plaintiff alleges that Ametros' payments for its services did not comply with Louisiana Workers' Compensation rate schedule. *See* Exhibit A at IV. In the prior three years, the time period for which Plaintiff complains, Ametros issued payments to Plaintiff from Ametros member accounts in the amount of $24,876.00. The amount payable for those same services if all submitted bills were paid at the Louisiana Workers' Compensation rate schedule would be approximately $141,681.00. As such, Plaintiff's claim against Ametros appears to be roughly $116,805.00. Given that Plaintiff has alleged that "there are **hundreds** of medical providers scattered throughout the State of Louisiana who either did not receive payments from Defendant, AMETROS, or who were underpaid by AMETROS when AMETROS administered MSA plans" and that Plaintiff holds itself out as having claims that are "typical of the claims of the other members of the Class," the amount in controversy

3

for the sum of all class members can plausibly be calculated to be at least $11,680,500 (calculated as: $116,805.00 x 100 class members).[1] Well in excess of the $5 million amount in controversy threshold for removal of a class action. *See* 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)(holding, "…a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

13. Because (A) the citizenship of Plaintiff and the class is completely diverse from the citizenship of Ametros, and (B) the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, this Court has original jurisdiction over this case under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a).

## IV.

## VENUE

14. Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court because the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, where the State Court Action is pending, is located within this district.

## V.

## NOTICE TO ADVERSE PARTIES AND TO STATE COURT

15. As the removing parties, Ametros will give Plaintiff prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

16. Ametros also will file a copy of this Notice of Removal with the Clerk of Court of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, where

---

[1] To be sure, Ametros denies each and every allegation made by Plaintiff, or any of the purported class members, and demands strict proof at trial. The allegations made regarding the Amount in Controversy herein this Notice should not be considered an admission, confirmation or other concession of Plaintiff's claim for damages but are included solely for jurisdictional purposes.

the State Court Action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiff's counsel.

WHEREFORE, Ametros respectfully request that removal from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana to the United States District Court for the Middle District of Louisiana for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

Dated: May 6, 2025

Respectfully submitted:

HOLLAND & KNIGHT LLP

By: */s/ L. Bradley Hancock*
L. Bradley Hancock
Louisiana Bar No. 27234
811 Main Street, Suite 2500
Houston, TX 77002-5227
713-821-7000 (telephone)
brad.hancock@hklaw.com

**ATTORNEY FOR AMETROS FINANCIAL CORPORATION**